U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2007 NOV 29 PM 3:20

BY _____ CLERK
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

TAMMY GRIGGS,
    Plaintiff

v.                     Docket No. 2:07-cv-253

DANIEL GOWANS, and
TOWN OF BERLIN
    Defendants

## COMPLAINT

### Introduction

This is an action for money damages against Daniel Gowans, police officer for the Town of Berlin and against the Town of Berlin. The suit is brought under 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of Vermont. Jurisdiction arises under 28 U.S.C. §§1331 and 1343 and on the pendant jurisdiction of this Court to entertain claims arising under state law.

It is alleged that the defendant Officer Gowans made an unlawful arrest of the plaintiff Tammy Griggs, unlawfully imprisoned her, and used excessive force upon her person, and interfered with her custodial rights, all in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that this defendant assaulted and battered Tammy Griggs. It is further alleged that these violations and torts were committed by the defendant officer within the scope and course of his employment by the defendant Town of Berlin and as a result of policies and customs of

1

the Town of Berlin.

## Parties

1.  Tammy Griggs was at all material times a resident of the Town of Barre, Vermont.

2.  Defendant Daniel Gowans was at all times relevant to this complaint a duly appointed and acting officer of the police department of the Town of Berlin, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Vermont and/or the Town of Berlin.

3.  The Town of Berlin, Vermont, is a chartered municipality in the State of Vermont and public employer of the said officer.

## Facts

4.  On November 22, 2006, Tammy Griggs, was the custodian and guardian of the minor L.H., her biological grandson, pursuant to an order of the Vermont Probate Court.

5.  On said date, Ms. Griggs took L.H. to the Emergency Room at Central Vermont Medical Center for medical treatment. Christopher Herring and Crystal Herring, the biological parents of L.H. appeared at the hospital after learning that L.H. had been brought in for treatment.

6.  Christopher Herring attempted to leave the hospital with L.H. over the objection of Ms. Griggs and in violation of the terms of the Probate Court Order. Ms. Griggs called for security to assist her in preventing the Herrings from absconding with L.H.

7. Defendant Officer Gowans appeared, and while Ms. Griggs was trying to get her grandson the officer jumped in front of her, grabbed her and told her to "calm down". He then pushed her back to the wall, threw her against the other side of the wall, and pulled her arm up behind her back and informed her she was under arrest. He then ordered her into a room and instructed her to sit in the chair and remain in the room.

8. Defendant Gowans returned to the room and informed Ms. Griggs that he would not allow her to leave, unless she agreed that the Herrings could spend Thanksgiving (which was the next day) with L.H. Ms. Griggs repeatedly informed Defendant Gowans that she had custody of L.H. pursuant to a Probate Court Order, that her husband had a copy of the final order at home and would bring it to the hospital if she were allowed to call him, and that the Herrings were only permitted supervised contact with L.H. due to their substance abuse problem. Defendant Gowans stated that he did not care about court orders, that he would take Ms. Griggs to jail and place L.H. in state custody if she did not agree to let the Herrings visit with L.H. on Thanksgiving. Ms. Griggs was forced to remain in the room for approximately two hours, until, under duress, she agreed to Defendant Gowans' terms for her release.

9. Ms. Griggs changed family plans that had been made for Thanksgiving to comply with Defendant Gowans' order regarding L.H.'s visitation with the Herrings.

10. Defendant Gowans further demanded that Ms. Griggs appear at the Berlin Police Department on November 23, 2006, at 5:00 p.m. with probate court documents confirming the guardianship of L.H. Ms. Griggs appeared as directed as she was fearful of arrest, if she did not. At that time, Defendant Gowans reiterated that he did not care

what court orders said.

11. Defendant Gowans subsequently caused Ms. Griggs to be charged with disorderly conduct by maliciously filing an inaccurate and incomplete affidavit of probable cause with the State's Attorney.

12. Ms. Griggs was arraigned on the charge on March 1, 2007. She was required to expend funds to obtain counsel, appear in court, and be subject to conditions of release. The matter was dismissed on April 16, 2007.

13. Defendant Gowans had no warrant for the arrest of Ms. Griggs and no probable cause for her arrest and no legal cause or excuse to seize her person, interfere in her family relationships, detain her, and subject her to prosecution.

14. As a direct and proximate result of the actions of defendant Gowans, Tammy Griggs suffered the following injuries and damages:

    a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution as follows:

        1. freedom from the unreasonable seizure of her person;

        2. freedom from the use of excessive, unreasonable and unjustified; and

        3. freedom from interference with family relationships.

    b. Loss of physical liberty

    c. Physical pain and suffering and emotional trauma and suffering.

### Count One

### 42 U.S.C. §1983 Against Defendant Gowans

15. The plaintiff incorporates by reference paragraphs 1 through 14 as though fully set forth.

16. The plaintiff claims damages for the injuries set forth above under 42 U.S.C. §1983 against defendant Gowans for violation of her constitutional rights under color of law.

## Count Two

### Assault and Battery Against Defendant Gowans

17. The plaintiff incorporates by reference paragraphs 1 through 16 as though fully set forth.

18. Defendant assaulted and battered Tammy Griggs at the Central Vermont Medical Center in Berlin, Vermont.

19. As a result of this assault and battery, Tammy Griggs suffered damages as aforesaid.

## Count Three

### Malicious Prosecution Against Defendant Gowans

20. The plaintiff incorporates by reference paragraphs 1 through 19 as though fully set forth.

21. Defendant Gowans maliciously provided false and incomplete information to the Washington County State's Attorney which led to the institution of a criminal charge against Ms. Griggs.

22. The charge was ultimately dismissed by the State because there was no reasonable grounds for the prosecution

5

23. As a result of this malicious prosecution, Ms. Griggs was required to appear in court, be subject to conditions of release, and hire counsel.

### Count Four

### False Arrest and Illegal Imprisonment
### Against Defendant Police Officer

24. The plaintiff incorporates by reference paragraphs 1 through 23 as though fully set forth.

25. Defendant Gowans illegally arrested and illegally imprisoned Tammy Griggs.

26. As a result of this false arrest and illegal imprisonment, Tammy Griggs suffered damages as aforesaid.

### Count Five

### 42 U.S.C. §1983 Against Town of Berlin

27. The plaintiff incorporates by reference paragraphs 1 through 26 as though fully set forth.

28. Prior to November 22, 2007, the Town of Berlin:

   a. Had a policy or custom of inadequately and improperly investigating citizen complaints of police misconduct;

   b. Had a policy or custom of inadequately training, disciplining and supervising officers; and,

   c. Tolerated acts of police misconduct.

29. The above described policies and customs demonstrated a

deliberate indifference on the part of policy makers of the Town of Berlin to the constitutional rights of persons within the Town, and were the cause of the violations of plaintiff's rights alleged herein.

## Count Six

## Respondeat Superior Against the Town of Berlin

30. The plaintiff incorporates by reference paragraphs 1 through 29 as though fully set forth.

31. The defendant Town of Berlin is liable for the torts of its employees under the theory of respondeat superior.

WHEREFORE, Plaintiff Tammy Griggs seeks compensatory and punitive damages in a reasonable amount, attorney fees, and such further relief as is just and proper.

Dated at Barre, Vermont this 28 day of November, 2007.

Respectfully submitted,

TAMMY GRIGGS

By: _____
Kerry B. DeWolfe, Esq.
Rubin, Kidney, Myer & DeWolfe
237 North Main Street
Barre, VT 05641
802-479-2514